```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
JFK HEALTH & WELFARE FUND, INC.
& RAYMOND CICCOLILLI,

                    Plaintiffs,                              OPINION AND ORDER
                                                             06-CV-2868 (NG) (CLP)
     -against-

ANALIE TOURS, INC. & MAITE
GRANDA,

                    Defendants.
-------------------------------------------------------- x
```

**GERSHON, United States District Judge:**

Plaintiffs JFK Health & Welfare Fund, Inc. ("JFK Health") and Raymond Ciccolilli ("Ciccolilli") bring this diversity action against defendants Analie Tours, Inc. ("Analie Tours") and Maite Granda ("Granda") alleging state common law claims of fraud, breach of contract, negligence, breach of fiduciary duty, as well as deceptive trade and travel practices in violation of the New York Truth In Travel Act, General Business Law ("N.Y. Gen. Bus. L.") §§ 158, 159, and 349. Defendants move to dismiss the complaint on the grounds that, *inter alia*, the Court lacks subject matter jurisdiction or, in the alternative, JFK Health lacks associational standing to sue on behalf of its members. For the reasons set forth below, defendants' motion to dismiss is granted.

## FACTS

The following facts are alleged in the complaint and accepted as true for purposes of this motion:

JFK Health is a New York State nonprofit corporation located at JFK airport in Queens, New York. At all pertinent times, Ciccolilli was its president. JFK Health organizes activities for its members, who are employees or retired employees of JFK Airport. Analie Tours is a general travel and tourist agency based in Miami, Florida. At all pertinent times, Granda was an officer and/or

director of Analie Tours. Analie Tours specializes in organizing group vacations to South America. In April, 2005, having previously had a positive experience using defendants' services, plaintiffs hired defendants to organize a trip to Buenos Aires, Argentina, including nonstop group airfare and hotel accommodations, in exchange for $910 per each of 47 travelers. Defendants charged plaintiffs $43,680. Granda accepted money on behalf of Analie Tours and was responsible for all communications with plaintiffs. The 47 travelers included members of JFK Health and their guests.

On November 9, 2006, plaintiffs arrived at New York's JFK International Airport to learn that, contrary to defendants' representations, they lacked a group airline reservation on a non-stop flight. Instead, plaintiffs were separated from each other, some placed on flights making a pre-destination stop. Further, plaintiffs arrived in Buenos Aires without hotel accommodations, forcing Ciccollili to charge $10,830.15 to his credit card to obtain lodging. Rather than stay together, plaintiffs were forced to stay in various hotels. Ten members were without luggage for two days.

Plaintiffs seek damages in the amount of $78,010.16, comprised of the $43,680 paid to defendants, the $10,830.16 Ciccollili paid for hotel rooms, and $23,500 in civil penalties under N.Y. Gen. Bus. L. §§ 158, 159. Plaintiffs also seek punitive damages "in an amount to be determined."

## DISCUSSION

### I. Standard of Review

On a motion to dismiss, the allegations in the complaint are accepted as true. *See Grandon v. Merrill Lynch & Co.*, 147 F.3d 184, 188 (2d Cir. 1998). The court's function is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (internal quotation marks, citations, and alterations omitted). Indeed, a plaintiff must assert "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. This "plausibility standard" is a flexible one, "oblig[ing] a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 158 (2d Cir. 2007).

## II. Subject Matter Jurisdiction

Because less than $75,000 is in controversy, this court lacks subject matter jurisdiction over the instant dispute. *See* 28 U.S.C. § 1332(a)(2) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . (2) citizens of a State and citizens or subjects of a foreign state"). The complaint asserts compensatory damages in the amount of $78,010.16 plus "punitive damages in an amount to be determined." Although courts "recognize a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy," *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (internal quotation omitted), here, plaintiff's complaint, on its face, reveals several problems.

First, it is clear from the complaint itself that plaintiffs cannot recover all of the $43,680 paid to defendants for airfare and hotel accommodations because defendants did partially perform: plaintiffs utilized defendants' flight arrangements notwithstanding that such arrangements failed to comport with the parties' agreement.

Second, plaintiffs cannot proceed under N.Y. Gen. Bus. L. § 158 because New York's Truth

3

in Travel Act does not provide a private right of action. The Act explicitly provides that "[t]he district attorney of any county may bring an action in the name of the people of the state to restrain or prevent any violation of this article or any continuance of any such violation." N.Y. Gen. Bus. L. § 159(3). Plaintiffs do not argue that a private right should be implied, nor could they, as there is no indication of a legislative intent to create such a right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 13 (1981) ("The key to the [implied right] inquiry [under *Cort v. Ash*, 422 U.S. 66 (1975)] is the intent of the Legislature."); *Watson v. City of New York*, 92 F.3d 31, 37 n. 8 (2d Cir. 1996) *(Cort* applies to determination of an implied private right of action from a state statute); *Cathay Pacific Airways v. Fly & See Travel*, 3 F. Supp. 2d 443, 455-56 (S.D.N.Y. 1998) (refusing to imply a private right of action under N.Y. Gen. Bus. L. § 158).

Third, the complaint indicates that the $10,830.16 Ciccollili charged to his credit card for hotel rooms was not an injury suffered by members of JFK Health and their guests, but rather by Ciccolilli, either in his capacity as JFK Health's president or in his personal capacity. JFK Health's damage claims cannot be aggregated with those asserted by a co-plaintiff, i.e., Ciccolilli, for purposes of satisfying the amount-in-controversy requirement. *See Zahn v. International Paper Co.*, 414 U.S. 291, 294 (1973) (multiple plaintiffs seeking to enforce "separate and distinct" rights may not aggregate claims to reach the requisite amount in controversy).

Finally, it appears that punitive damages – necessary to increase the amount in controversy to the jurisdictional minimum – are not available. Although punitive damages "may be included in determining whether the jurisdictional amount is satisfied," *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991), "when punitive damages are used to satisfy the amount in controversy requirement, the trial judge is accorded greater discretion than for a claim of actual damages, and

4

special judicial scrutiny is triggered." *O'Conner v. Sears Holding Corp.*, 2006 U.S. Dist. LEXIS 60109, at *7 (E.D.N.Y. Aug. 14, 2006), citing *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1034 n.1 (2d Cir. 1972) ("in computing jurisdictional amount, a claim for punitive damages is to be given closer scrutiny . . . than a claim for actual damages"), *aff'd*, 414 U.S. 291 (1973).

Under New York law, "[p]unitive damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights." *Rocanova v. Equitable Life Assur. Soc'y*, 83 N.Y.2d 603, 613 (1994). "However, where the breach of contract also involves a fraud evincing a 'high degree of moral turpitude' and demonstrating 'such wanton dishonesty as to imply a criminal indifference to civil obligations', punitive damages are recoverable if the conduct was 'aimed at the public generally.'" *Id.*, quoting *Walker v. Sheldon*, 10 N.Y.2d 401, 405 (1961). "Thus, a private party seeking to recover punitive damages must not only demonstrate egregious tortious conduct by which he or she was aggrieved, but also that such conduct was part of a pattern of similar conduct directed at the public generally." *Id.*

Here, the complaint contains no allegation that defendants' allegedly tortious conduct was directed at the public generally or, even, at any party other than JFK Health's members and their guests. Thus, even without special judicial scrutiny, it appears punitive damages are unavailable here. Nor is there any basis for an inference that, were punitive damages available, the amount of such damages would be sufficient to bring JFK Health's damages, in the aggregate, to the $75,000 threshold necessary for subject matter jurisdiction.

### III.     Associational Standing

Defendants challenge plaintiffs' standing to represent the group of 47 travelers. Plaintiffs assert that JFK Health has associational standing as a representative of the 47 travelers because they

could sue in their own right. In reply, defendants concede this point, but assert that JFK Health lacks associational standing because the trip was not germane to the organization's purpose and the participation of the individual members in the lawsuit will be necessary.

Under "[t]he modern doctrine of associational standing, . . . an organization may sue to redress its members' injuries, even without a showing of injury to the association itself." *United Food & Commer. Workers Union Local 751 v. Brown Group*, 517 U.S. 544, 552 (1996). As the Supreme Court held in the seminal case in this area:

> An association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 343 (1977).

As noted, there is no dispute that the group members would have standing to sue in their own right. As for *Hunt*'s germaneness requirement, "[a] court must determine whether an association's lawsuit would, if successful, reasonably tend to further the general interests that individual members sought to vindicate in joining the association and whether the lawsuit bears a reasonable connection to the association's knowledge and experience." *Bldg. & Constr. Trades Council of Buffalo v. Downtown Dev., Inc., 448 F.3d 138, 149 (2d Cir. 2006)*. As JFK Health's purpose is to organize activities for its members, the Court will assume that this element is satisfied. *See id*. at 148 ("the 'requirement of germaneness is undemanding; mere pertinence between litigation subject and organizational purpose is sufficient.'") (quoting *National Lime Ass'n v. EPA*, 233 F.3d 625, 636 (D.C. Cir. 2000) (internal quotations omitted).

Under *Hunt*'s third prong, however, an organization lacks associational standing to sue on

behalf of its members where "'the fact and extent of injury would require individualized proof.'" *Bano v. Union Carbide Corp.*, 361 F.3d 696, 714 (2d Cir. 2004), quoting *Warth v. Seldin*, 422 U.S. 490, 515-16 (1975). This "individualized proof" requirement establishes, in effect, a *de facto* rule against associational standing to seek monetary, as opposed to injunctive or declaratory, relief on behalf of association members. *United Food*, 517 U.S. at 554 (*Warth* "and later precedents have been understood to preclude associational standing when an organization seeks damages on behalf of its members."); *Bano*, 361 F.3d at 714 ("We know of no Supreme Court or federal court of appeals ruling that an association has standing to pursue damages claims on behalf of its members."); *but see Telecommunications Research & Action Center on behalf of Checknoff v. Allnet Communication Services, Inc.*, 806 F.2d 1093, 1096 (D.C. Cir. 1986) ("our decision establishes no *per se* rule that associations may never represent their members when monetary relief is immediately at stake."). This *de facto* rule exists because "it just happens that proving the existence and extent of damages often, if not always, requires individualized proof and participation, an eventuality that robs an association of standing." *Rockford Principals & Supervisors Assoc. v. Board of Education*, 721 F. Supp. 948, 951 (D. Ill. 1989). On the other hand, "[w]hen an association seeks a purely legal ruling, its claims do not require individualized proof and the third prong of the *Hunt* test for associational standing is clearly satisfied." *Bldg. & Constr. Trades Council*, 448 F.3d at 150 (internal quotations, ellipses, and brackets omitted).

Here, JFK Health seeks only damages on behalf of its members and their guests. Plaintiffs argue that "[w]e do not need each and every of the 47 members to testify they each paid $910.00 for the exact same service and that each one never received what they paid for." This argument is unavailing because *Hunt*'s third prong is concerned with the *existence* of proof required from

7

individual plaintiffs, not its form. *Telecommunications*, 806 F.2d at 1095 (no associational standing because "individual participation" required notwithstanding that damages could be calculated via mathematical formula alone); *Rockford*, 721 F. Supp. at 951. Indeed, any judicial determination on the claims in this lawsuit requires proof regarding not only the identity of individual claimants, but also, for example, which and how many members did not receive nonstop airfare as promised and the extent of damages thereby incurred. According to the complaint, some members were defrauded to a greater degree than others, thereby presenting a clear need for "individualized proof." *Bano*, 361 F.3d at 714-15 ("necessarily, each of those individuals would have to be involved in the proof of his or her claims").

Further, there is no allegation regarding whether these 47 claimants comprise the entire body of JFK Health's membership or whether they are but a small subset. *See Warth*, 422 U.S. at 515-16 (no associational standing because, *inter alia*, "the damages claims are not common to the entire membership, nor shared by all in equal degree. To the contrary, whatever injury may have been suffered is peculiar to the individual member concerned, and both the fact and extent of injury would require individualized proof."). Thus, without individualized proof, and unlike where equitable relief is sought, there is no guarantee that "the remedy, if granted, will inure to the benefit of those members of the association actually injured." *Id*. at 515 ("if in a proper case the association seeks a declaration, injunction, or some other form of prospective relief, it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured"). Finally, the group of 47 travelers included members *and their guests*. Plaintiffs have offered no basis for associational standing as to the guests of JFK Health members.

**IV.    Other Grounds For Dismissal**

Because I find that the court lacks subject matter jurisdiction and that, in any event, plaintiff JFK Health lacks associational standing to bring this action, defendants' other grounds for dismissal need not be considered.[1]

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) is granted. The Clerk of Court is directed to close this case.

**SO ORDERED.**

   */S/ Nina Gershon*
   **NINA GERSHON**
   **United States District Judge**

Dated: March 25, 2008
       Brooklyn, New York

---

[1] Because JFK Health's claims are jurisdictionally insufficient, the court lacks supplemental jurisdiction over Ciccolilli's claim to recover the $10,830.16. *See Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 579 (2005) (28 U.S.C. § 1367 allows "access to federal court by coplaintiffs . . . who do not meet the . . . amount-in-controversy requirement, so long as at least one coplaintiff . . . has a jurisdictionally sufficient claim.").

9